1

2          **UNITED STATES DISTRICT COURT**

3          **EASTERN DISTRICT OF CALIFORNIA**

4

| | |
|---|---|
| **PATRICK MBABA,** | **1:09-CV-01452-OWW-GSA** |
| **Plaintiff,** | **MEMORANDUM DECISION ON** |
| **v.** | **DEFENDANT MTC FINANCIAL, INC., dba TRUSTEE CORPS'** |
| **INDYMAC FEDERAL BANK F.S.B.; MTC FINANCIAL, INC. dba TRUSTEE CORPS,** | **MOTION TO DISMISS (Doc. 7)** |
| **Defendants.** | |

## I.  INTRODUCTION

Defendant MTC Financial, Inc. dba Trustee Corps moves to dismiss Plaintiff Patrick Mbaba's Complaint on grounds, among others, that Trustee Corps is not subject to Plaintiff's claims in its limited role as foreclosure trustee. Plaintiff, proceeding *pro se*, has filed opposition, to which Defendant has replied.

## II. BACKGROUND

This case involves a dispute between Plaintiff Patrick Mbaba ("Mbaba") and Defendants IndyMac Federal Bank ("IndyMac") and MTC Financial, Inc. dba Trustee Corps ("Trustee Corps"), the latter a foreclosure trustee headquartered in Orange, California.  The dispute concerns two mortgage loans obtained by Plaintiff on real property located at 5201 Gorman Way and 5203 Gorman Way, Bakersfield, California.

On June 29, 2007, Plaintiff obtained two loans from First Capital Group, both in the amount of $142,000, which were secured by Deeds of Trust ("DOT") on the Gorman Way properties.  (Request

**1**

for Judicial Notice ("RJN"), Doc. 7-2, Exhs. A-B.[1])  The Deeds of Trust identify First Capital Group as the lender, Orange Coast Title Co. as the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary.[2]  (Id. Exhs. A-D.)

By Assignments of Deed of Trust dated April 13th and 15th, 2009, MERS assigned to Defendant Indymac all its beneficial interest under the Deeds of Trust encumbering the 5201 and 5203 Gorman Way properties.  On April 15, 2009, IndyMac substituted Trustee Corps as trustee under the Deed of Trust for the 5201 Gorman Way property.  IndyMac substituted Trustee Corps as trustee under the Deed of Trust for the 5203 Gorman Way property on June 5, 2009.[3]  (Id. Exhs. G-H.)

On April 17, 2009, Trustee Corps recorded notices of default on the Gorman Way properties.[4]  After Mr. Mbaba failed to cure his defaults, Trustee Corps filed a Notice of Trustee's Sale for August 12, 2009 sale for 5201 Gorman Way and an August 13, 2009 sale for 5203 Gorman Way.  (Id. Exhs. K-L.)

---

[1] Trustee Corps' request for judicial notice of this document was GRANTED.  See § III(B), *infra.*

[2] Specifically, the DOT on the 5201 Gorman Way property was assigned by MERS to IndyMac on April 13, 2009 and the DOT on the 5203 Gorman Way was assigned on April 15, 2009.  (Id. Exhs. 3-4.) The assignments were recorded with the Kern County Recorder on August 18, 2009 and September 1, 2009.  (Id. Exhs. E-F.)

[3] The Substitutions of Trustee were recorded in Kern County on July 23, 2009 (5201 Gorman Way) and July 28, 2009 (5203 Gorman Way).

[4] On April 17, 2009, the amount to cure default on the 5201 Gorman Way property was $6,760.65 and $4,866.44 on the 5203 Gorman Way property.

On August 11, 2009, Plaintiff filed this case in the Superior Court of California, County of Kern, alleging seven causes of action: (1) Injunction of Defendants Notice of Trustee Sales; (2) Housing Discrimination; (3) Fraud; (4) Unjust Enrichment; (5) Breach of Contract; (6) Compensatory Damages; and (7) Punitive Damages.   (Doc. 1., Exh. A (the "Complaint").)

The substance of the complaint is that IndyMac placed Plaintiff in an unaffordable "interest only" loan "which precluded Plaintiff from the benefit of equity growth or protection of Plaintiff's asset." (Compl. ¶ 8.)  As a result of the housing collapse, Plaintiff alleges he was left with little or no equity in his home and could not sustain his loan payments. (Id. ¶ 9.) According to Plaintiff, he requested a loan modification from IndyMac in August 2008, but his request was denied. (Id. ¶ 10.) Following IndyMac's refusal, Plaintiff alleges that IndyMac "hired [Trustee Corps] to substitute and illegally file notice of Trustee sale of Plaintiffs [sic] without consideration to Plaintiff's repeated application and request for loan modification." (Id. ¶ 13.)   Plaintiff also alleges:

> 14. Defendants MTC Financial Inc. Dba Trustee Corps and IndyMac conspired among themselves to secretly acquire said assets for themselves with intent to unjustly enrich themselves and deprive Plaintiff of peaceful and fair opportunity to benefit from Plaintiff's own asset.
>
> 15. Plaintiff is informed and believes that the Defendants IndyMac and MTC Financial Inc. Dba Trustee Corps jointly and individually by failure to consider Plaintiff's application for loan modification violated Plaintiff's Civil Rights and the Equal Opportunity Act (ECOA) and Fair Lending Sec. 801[42 U.S.C. 3601].

(Id. ¶¶ 14-15.)

**3**

1   Plaintiff requests general, special, as well as "punitive
2   damages in the sum of $500 million."  Plaintiff also requests an
3   injunction "to prevent Defendants proposed sale of Plaintiff's real
4   properties identified as follows: (a)   5201  Gorman  Way,
5   Bakersfield, California, 93309; (b) 5203 Gorman Way Bakersfield,
6   California, 93309."  (Id. at 7:16-7:20.)

7   On August 18, 2009, this case was removed on the basis of
8   federal question jurisdiction.  (Doc. 1.)  The notice of removal
9   asserts that Plaintiff's action is founded on claims arising under
10  federal laws, including the Federal Housing Act ("FHA"), 42 U.S.C.
11  § 3601, *et seq.*, and  Truth in Lending Act ("TILA"), 15 U.S.C. §
12  1601, *et seq*.  (Id.)

13  Defendant Trustee Corps filed this motion on September 10,
14  2009.  (Doc. 7.)  Defendant Trustee Corps asserts that Plaintiff's
15  suit should be dismissed with prejudice because the type of claims
16  alleged are targeted at the original lender – which was not Trustee
17  Corps.[5]  In any event, Defendant claims that Plaintiff has no basis
18  to pursue claims under federal or state law.

19  The parties appeared before the court on October 26, 2009, for
20  argument on Defendant's motion to dismiss and motion to strike.
21  During the hearing, Plaintiff, who did not file an opposition,
22  requested an extension of time to obtain counsel and file an
23  opposition.   The court granted the request and continued the

24
25
26  [5] Specifically, Trustee Corps argues that it was "merely the substitute trustee under the Deeds of Trust for purposes of
27  foreclosure" and not "involved in the making of the subject loans to Plaintiff or the decisions not to renegotiate those loans."
28  (Doc. 7, 3:15-3:18.)

**4**

1    hearing to January 25, 2010.[6]

2         On December 16, 2009, Plaintiff filed a single document

3    entitled: "1. Plaintiff's Opposition To: Motion to Dismiss

4    Complaint Against Trustee Corps and Motion to Strike; 2.

5    Plaintiff's Notice and Motion For Summary Judgement Against

6    Defendants." (Doc. 13.) Plaintiff's filing does not comply with

7    the Rule 56-260, Local Rules of Practice, governing motions for

8    summary judgment.[7] It is considered solely as an opposition to

9    Defendant's motion to dismiss pursuant to Local Rule 78-230(c).

10        In his opposition, Plaintiff maintains that the actions of

11   "Defendant IndyMac [] and Defendant [Trustee Corps] were jointly

12   and individually collusive, fraudulent and with malice, oppression

13   and extreme indifference [sic] to Plaintiff's rights." (Doc. 13,

14   2:2-2:5.) Plaintiff also contends that he was not properly served

15   with notice of the foreclosure sale. (Id. at 2:6-2:7.)

16

17                    III.   **LEGAL STANDARD**

18   A.   **Motion to Dismiss**

19        Under Federal Rule of Civil Procedure 12(b)(6), a motion to

20

21        [6] The court also set a supplemental briefing schedule:
22   Plaintiff's opposition was due on or before December 22, 2009 and
     any reply was due on or before January 4, 2010. (Doc. 12.)
23

24        [7] Specifically, Plaintiff's "motion" did not comply with
     Eastern District Local Rule 56-260(a). Pursuant to Local Rule 56-
25   260(a), "[e]ach motion for summary judgment or summary adjudication
     shall be accompanied by a 'Statement of Undisputed Facts" that
26   shall enumerate discretely each of the specific material facts
     relied upon in support of the motion and cite the particular
27   provisions of any pleading, affidavit, deposition, interrogatory
     answer, admission, or other document relied upon to establish that
28   fact."

                              **5**

dismiss can be made and granted when the complaint fails "to state a claim upon which relief can be granted." Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To sufficiently state a claim for relief and survive a 12(b)(6) motion, a complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id*. Rather, there must be "enough facts to state a claim to relief that is plausible on its face." Id. at 570. In other words, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotation marks omitted). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal citation and quotation marks omitted).

In deciding whether to grant a motion to dismiss, the court must accept as true all "well-pleaded factual allegations." *Iqbal*, 129 S.Ct. at 1950. A court is not, however, "required to accept as

1  true allegations that are merely conclusory, unwarranted deductions

2  of fact, or unreasonable inferences." *Sprewell v. Golden State*

3  *Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see, e.g., Doe I v.*

4  *Wal-Mart Stores, Inc.*, --- F.3d ----, 2009 WL 1978730, at *3 (9th

5  Cir. July 10, 2009) ("Plaintiffs' general statement that Wal-Mart

6  exercised control over their day-to-day employment is a conclusion,

7  not a factual allegation stated with any specificity.  We need not

8  accept Plaintiffs' unwarranted conclusion in reviewing a motion to

9  dismiss.").

10      The Ninth Circuit has summarized the governing standard, in

11  light of *Twombly* and *Iqbal*, as follows:  "In sum, for a complaint

12  to survive a motion to dismiss, the non-conclusory factual content,

13  and reasonable inferences from that content, must be plausibly

14  suggestive of a claim entitling the plaintiff to relief." *Moss v.*

15  *U.S. Secret Service*, 572 F.3d 962, 2009 WL 2052985, at *6 (9th Cir.

16  July 16, 2009) (internal quotation marks omitted).

17

18  B.   <u>Requests for Judicial Notice</u>

19      In connection with its motion to dismiss, Defendant Trustee

20  Corps submitted a request for judicial notice pursuant to Fed. R.

21  Evid. § 201: (1) a Deed of Trust, recorded on July 10, 2007, in the

22  Official Records of Kern County, California as Doc No. 0207143995;

23  (2) a Deed of Trust, recorded on July 10, 2007, in the Official

24  Records of Kern County, California as Doc No. 0207143993; (3) an

25  Assignment of Deed of Trust, recorded on July 10, 2007, in the

26  Official Records of Kern County, California as Doc No. 0207143996;

27  (4) an Assignment of Deed of Trust, recorded on July 10, 2007, in

28  the  Official  Records  of  Kern  County,  California  as  Doc.  No.

**7**

0207143994; (5) an Assignment of Deed of Trust, recorded on September 1, 2009, in the Official Records of Kern County, California as Doc. No. 0209128874; (6) an Assignment of Deed of Trust, recorded on August 18, 2009, in the Official Records of Kern County, California as Doc. No. 0209120607; (7) a Substitution of Trustee, recorded on July 23, 2009, in the Official Records of Kern County, California as Doc. No. 0209106882; (8) a Substitution of Trustee, recorded on July 28, 2009, in the Official Records of Kern County, California as Doc. No. 0209109205; (9) a Notice of Default and Election to Sell Under Deed of Trust, recorded on April 17, 2009, as Doc. No. 0209054670; (10) a Notice of Default and Election to Sell Under Deed of Trust, recorded on April 17, 2009, as Doc. No. 0209054674; (11) a Notice of Trustee's Sale Under Trust Deed, recorded on July 23, 2009, as Doc. No. 0209054670; and (12) a Notice of Trustee's Sale Under Trust Deed, recorded on July 28, 2009, as Doc. No. 0209109206.

Federal Rule of Evidence 201(b) provides the criteria for judicially noticed facts: "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

As the above documents are all matters of public record, Trustee Corps' request for judicial notice is GRANTED. *See MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (a court may take judicial notice of matters of public record outside the pleadings on a motion to dismiss.); *W. Fed. Sav. v. Heflin*, 797 F.Supp. 790, 792 (N.D. Cal. 1992) (taking judicial notice of

**8**

1    documents in a county public record, including deeds of trust).

2

3    ## IV.  DISCUSSION

4    As a preliminary matter, Trustee Corps argues that, due to its
5    status as a foreclosure trustee, Plaintiff's complaint against it
6    is barred by the litigation privilege of Cal. Civil Code § 47(b).
7    Trustee Corps contends that the privilege, which is made applicable
8    in trustee sale proceedings, bars any tort action based on a
9    protected communication.

10   Non-judicial foreclosure sales "are governed by a
11   'comprehensive' statutory scheme.  This scheme, which is found in
12   Civil Code §§ 2924 through 2924k, evidences a legislative intent
13   that a sale which is properly conducted constitutes a final
14   adjudication of the rights of the borrower and lender." *Royal*
15   *Thrift and Loan Co. v. County Escrow, Inc.*, 123 Cal. App. 4th 24,
16   32 (2004) (quotation and citation omitted).

17   Section 2924(d) qualifies as California Civil Code § 47
18   "privileged communications" the "mailing, publication, and
19   delivery" of foreclosure notices and "performance" of foreclosure
20   procedures.  The § 2924(d) privilege extended through California
21   Civil Code § 47 applies to tort claims other than malicious
22   prosecution. *Hagberg v. California Federal Bank FSB*, 7 Cal.Rptr.3d
23   803 (2004) ("As noted, the only tort claim we have identified as
24   falling outside the privilege established by section 47(b) is
25   malicious prosecution.").

26   Here, to the extent Trustee Corps' acts as trustee involved
27   statutorily required mailing, publication, and delivery of notices
28   for nonjudicial foreclosures, and the performance of statutory

**9**

1  nonjudicial foreclosure procedures, Trustee Corps correctly asserts
2  that these are privileged communications under the qualified
3  privilege for a communication. *See, e.g., Garretson v. Post*, 156
4  Cal. App. 4th 1508 (2007). Trustee Corps' foreclosure proceedings
5  are subject to § 2924(d) immunity from tort claims.

7      A.   Injunctive Relief (Claim I)

8      Plaintiff's first cause of action seeks injunctive relief
9  against Defendants. (Compl. ¶¶ 16-17.) However, a request for
10  injunctive relief by itself does not state a cause of action and is
11  properly raised as a separate motion. *Shamsian v. Atl. Richfield
12  Co.*, 107 Cal. App. 4th 967, 984-85 (2003). Even if this requests
13  is construed as derivative of all other alleged causes of action,
14  Plaintiff still bears the burden of showing that he is likely to
15  succeed on the merits, that he is likely to suffer irreparable harm
16  in the absence of preliminary relief, that the balance of equities
17  tip in his favor, and that an injunction is in the public interest.
18  *Winter v. Natural Resources Defense Council, Inc.*, --- U.S. ----,
19  ----, 129 S.Ct. 365, 374 (2008); *see also Munaf v. Green*, --- U.S.
20  ----, ---- - ----, 128 S.Ct. 2207, 2218-19 (2008).

21      Because a request for injunctive relief by itself does not
22  state a cause of action, this claim is dismissed for failure to
23  state a claim upon which relief may be granted as no underlying
24  basis for injunctive relied has been stated.[8] Plaintiff also does

26      [8] "[T]he law is long-established that a trustor or his
   successor must tender the obligation in full as a prerequisite to
27  challenge of the foreclosure sale." *Vargas v. Reconstruct Co.*, No.
   CV-F-08-1683 LJO-TAG, 2008 WL 5101557 at *6 (E.D. Cal. Dec. 02,
28  2008)(citing *U.S. Cold Storage v. Great Western Savings & Loan*

not satisfy the *Winters* factors.[9]  Plaintiff's cause of action for injunctive relief is DISMISSED for failure to state a claim upon which relief may be granted.[10]

### B.   Housing Discrimination (Claim II)

The complaint's second claim is comprised of one paragraph, however, the allegations relate only to IndyMac, not Trustee Corps:

> Defendants IndyMac set a usurious high interest rates for Plaintiff higher than the fair market rate because of Plaintiff's ethnic origin as African American and refused to modify Plaintiff's loan, causing undue financial hardship to Plaintiff.

(Compl. ¶ 19.)

Trustee Corps correctly observes that "this claim fails to allege any conduct by Trustee Corps in which it, in any way, discriminated against Plaintiff on the basis of race."  The complaint has not appropriately identified with particularity the conduct undertaken by Trustee Corps that he claims was unlawful. For example, to support a violation of housing discrimination the complaint alleges only that Defendant IndyMac "set a usurious high

---

*Assn.*, 165 Cal. App. 3d 1214, 1222 (1985)).  Here, the complaint does not contain allegations that Plaintiff attempted to tender, or is capable of tendering, the value of the property.  As Plaintiff has not alleged that he has made such an offer or contemplates making such an offer, he cannot challenge the foreclosure sale.

[9] As explained in §§ IV(B)-(F), *infra*, Plaintiff's claim for injunctive relief does not satisfy the first *Winters* factor – likelihood of success on the merits.  This ends the inquiry under *Winters*.  *See Doe v. Reed,* 586 F.3d 671, 681 n.14 (9th Cir. 2009) ("Because we conclude that Plaintiffs have failed to satisfy the first *Winter* factor – likelihood of success on the merits – we need not examine the three remaining *Winter* factors.").

[10]

interest rate" because of his "ethnic origin as African American."
No other facts are alleged.  The complaint does not allege that
Trustee Corps discriminated against him based on his race; that
Trustee Corps participated in setting interest rates; or that
Trustee Corps resisted Plaintiff's attempts to obtain a loan
modification.  No factual allegations describe how Trustee Corps,
as substitute trustee, was involved in Plaintiff's initial loan
transaction or his subsequent attempts to obtain a loan
modification, other than to pursue a trustee sale following
Plaintiff's default.  Under *Iqbal*, because the complaint does not,
and likely cannot, include a single fact that Defendant Trustee
Corps discriminated - or was involved in any aspect of his loan
transaction - against Plaintiff based on race, the claim is
insufficient to state a claim for housing discrimination.

The same reasoning applies to the arguments contained in
Plaintiff's opposition.  In his opposition, Plaintiff argues that
Trustee Corps has a "historical practice of discrimination against
African American and the Latinos [sic], according to proof during
discoveries and trial."  (Doc. 13, 4:12-4:13.)  This allegation is
not included in the complaint and, assuming it was, such an
allegation - without more - is insufficient to support a claim for
housing discrimination.  A claim is plausible only "when the
plaintiff pleads factual content that allows the court to draw the
reasonable inference that the defendant is liable for the
misconduct alleged."  *Iqbal*, 129 S.Ct. 1937, 1949 (quoting *Bell
Atlantic Corp. v. Twombly*, 550 U.S. 544, 570.).  The complaint's
second cause of action for housing discrimination does not meet
this standard.  The motion to dismiss is GRANTED WITH PREJUDICE.

1

### C.   <u>Fraud (Claim III)</u>

2      The fraud claim alleges that Defendants Trustee Corps and

3 IndyMac "systematically refuse[d] to consider plaintiff's request

4 and application for loan modification with intent to defraud

5 Plaintiff." (Compl. ¶ 21.)   The fraud claim also alleges that

6 "Defendants deprive[d] Plaintiff of his rightful asset and peaceful

7 enjoyment by providing misleading statements and applying delaying

8 tactics." (Id.)

9      Trustee Corps faults the claim's failure to satisfy Rule

10 9(b)'s particularity requirement and to distinguish and/or identify

11 the "role of each defendant in the alleged fraudulent scheme."

12 Trustee Corps notes the absence of "charging allegations" against

13 it given that it was not involved in Plaintiff's loan.[11]

14      Rule 9(b) requires a party to "state with particularity the

15 circumstances constituting fraud." In the Ninth Circuit, "claims

16 for fraud and negligent misrepresentation must meet Rule 9(b)'s

17 particularity requirements." *Neilson v. Union Bank of California,*

18 *N.A.*, 290 F.Supp.2d 1101, 1141 (C.D. Cal. 2003). A fraud claim is

19 subject to dismissal when its allegations fail to satisfy Rule

20 9(b)'s heightened pleading requirements. *Vess v. Ciba-Geigy Corp.*

21 *USA*, 317 F.3d 1097, 1107 (9th Cir. 2003). A motion to dismiss a

22 claim "grounded in fraud" under Rule 9(b) for failure to plead with

23 particularity is the "functional equivalent" of a Rule 12(b)(6)

24

25      [11] Rule 9(b)'s particularity requirement applies to state law
causes of action: "[W]hile a federal court will examine state law

26 to determine whether the elements of fraud have been pled
sufficiently to state a cause of action, the Rule 9(b) requirement

27 that the circumstances of the fraud must be stated with
particularity is a federally imposed rule." *Vess v. Ciba-Geigy*

28 *Corp. USA,* 317 F.3d 1097, 1103 (9th Cir. 2003) (citations omitted).

motion to dismiss for failure to state a claim.  *Vess*, 317 F.3d at 1107.  As a counter-balance, Rule 8(a)(2) requires from a pleading "a short and plain statement of the claim showing that the pleader is entitled to relief."

Rule 9(b)'s heightened pleading standard "is not an invitation to disregard Rule 8's requirement of simplicity, directness, and clarity" and "has among its purposes the avoidance of unnecessary discovery."  *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).  "A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations."  *Neubronner v. Milken*, 6 F.3d 666, 671-672 (9th Cir. 1993) (internal quotations omitted; citing *Gottreich v. San Francisco Investment Corp.*, 552 F.2d 866, 866 (9th Cir.1997)).  The Ninth Circuit Court of Appeals has explained:

> Rule 9(b) requires particularized allegations of the circumstances constituting fraud.  The time, place and content of an alleged misrepresentation may identify the statement or the omission complained of, but these circumstances do not "constitute" fraud.  The statement in question must be false to be fraudulent.  Accordingly, our cases have consistently required that circumstances indicating falseness be set forth....  [W]e [have] observed that plaintiff must include statements regarding the time, place, and nature of the alleged fraudulent activities, and that "mere conclusory allegations of fraud are insufficient." ...  The plaintiff must set forth what is false or misleading about a statement, and why it is false.  In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading....
>
> In certain cases, to be sure, the requisite particularity might be supplied with great simplicity.

*In Re Glenfed, Inc. Securities Litigation*, 42 F.3d 1541, 1547-1548 (9th Cir. 1994) (en banc) (italics in original)

14

superseded by statute on other grounds as stated in *Marksman Partners, L.P. v. Chantal Pharm. Corp.*, 927 F.Supp. 1297 (C.D. Cal. 1996); *see Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) ("fraud allegations must be accompanied by "the who, what, when, where, and how" of the misconduct charged).

As to multiple fraud defendants, a plaintiff "must provide each and every defendant with enough information to enable them 'to know what misrepresentations are attributable to them and what fraudulent conduct they are charged with.'" *Pegasus Holdings v. Veterinary Centers of America, Inc.*, 38 F.Supp.2d 1158, 1163 (C.D. Cal. 1998) (quoting *In re Worlds of Wonder Sec. Litig.*, 694 F.Supp. 1427, 1433 (N.D. Cal. 1988)). "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but 'require[s] plaintiffs to differentiate their allegations when suing more than one defendant ... and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764-765 (9th Cir. 2007) (quoting *Haskin v. R.J. Reynolds Tobacco Co.*, 995 F.Supp. 1437, 1439 (M.D. Fla. 1998)). "In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, 'identif[y] the role of [each] defendant[ ] in the alleged fraudulent scheme.'" *Swartz*, 476 F.3d at 765 (quoting *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir.1989)).

In a fraud action against a corporation, a plaintiff must "allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 157 (1991).

15

1    The elements of a California fraud claim are: (1)
2  misrepresentation (false representation, concealment or
3  nondisclosure); (2) knowledge of the falsity (or "scienter"); (3)
4  intent to defraud, i.e., to induce reliance; (4) justifiable
5  reliance; and (5) resulting damage. Lazar v. Superior Court, 12
6  Cal.4th 631, 638 (1996). The same elements comprise a cause of
7  action for negligent misrepresentation, except there is no
8  requirement of intent to induce reliance. *Caldo v. Owens-Illinois*,
9  Inc., 125 Cal. App. 4th 513, 519 (2004).

10    "[T]o establish a cause of action for fraud a plaintiff must
11  plead and prove in full, factually and specifically, all of the
12  elements of the cause of action. *Conrad v. Bank of America*, 45
13  Cal. App. 4th 133, 156 (1996). There must be a showing "that the
14  defendant thereby intended to induce the plaintiff to act to his
15  detriment in reliance upon the false representation" and "that the
16  plaintiff actually and justifiably relied upon the defendant's
17  misrepresentation in acting to his detriment." *Conrad*, 45 Cal.
18  App. 4th at 157.

19    The complaint is severely lacking and fails to satisfy Rule
20  9(b) "who, what, when, where and how" requirements as to Trustee
21  Corps, as well the other defendants. *See Tarmann v. State Farm*
22  *Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 157 (1991) (a plaintiff
23  asserting fraud against a corporate employer must "allege the names
24  of the persons who made the allegedly fraudulent representations,
25  their authority to speak, to whom they spoke, what they said or
26  wrote, and when it was said or written.") The complaint fails to
27  establish fraud elements. The fraud allegations do not target
28  particular defendants, and the complaint's global approach is

16

unsatisfactory.[12]  The fraud claims' deficiencies are so severe to suggest no potential improvement from an attempt to amend.  The third cause of action is DISMISSED WITH PREJUDICE against Defendant Trustee Corps.


　　　D.  Unjust Enrichment (Claim IV)

　　　The complaint's fourth cause of action alleges that "defendants actions amount to unjust enrichment based on the usurious interest rates and conspiracy to injustly take possession of plaintiff's assets."  (Compl. ¶ 23.)

　　　Trustee Corps moves to dismiss the claim on grounds that it "did not issue any loan to Plaintiff and, therefore, was not enriched on that basis."  As to any alleged "conspiracy," Trustee Corps states that it was "only the foreclosure trustee" and did "not tak[e] possession of Plaintiff's assets."

　　　The elements of an unjust enrichment claim are the receipt of

---

[12]  The arguments included in Plaintiff's opposition are unpersuasive for the same reasons.  Plaintiff contends that "Trustee Corps told the Plaintiff that the loan for the Plaintiff was going to be modified [...] the Defendants never informed that Plaintiff that the property was going to be sold under foreclosure."  (Doc. 13, 2:14-2:16.)  Plaintiff also contends that Trustee Corps "misled" him and engaged in a "secret" plan to sell the Gorman Way properties to "Real Estate Agents that have prior and ongoing business relationships with Defendant Trustee Corps." (Id. 2:21-2:22.)  First, Trustee Corps role was limited - it was retained as substitute trustee in April 2009 and was not involved in the loan origination or modification.  Second, neither Trustee Corps involvement nor its initiation of foreclosure proceedings were "secret," as Plaintiff argues.  Documents designating Trustee Corps as successor trustee were filed with Kern County Recorder on April 15, and June 5, 2009.  Notices of Default and Notices of Trustee's Sales were filed in the Kern County Recorder's office on April 17, July 23, and July 28, 2009.

a benefit and unjust retention of the benefit at the expense of another. *Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723, 726 (2000). The complaint does not plead the elements of a cause of action for unjust enrichment against Trustee Corps. Instead, the complaint vaguely states that Defendants - presumably IndyMac - refused to consider Plaintiff's request for a loan modification and disrupted his "peaceful enjoyment." This is insufficient under *Iqbal*. No enforceable duty to modify Plaintiff's loan has been identified. For instance, the complaint fails to specifically allege how Defendant Trustee Corps could have been unjustly enriched when Plaintiff is in default on the loan; the complaint also fails to allege how Trustee Corps was unjustly enriched when its only involvement was as substitute trustee, a position which does not require receiving payment or possessing the Gorman Way properties. As Plaintiff does not allege any facts showing that Trustee Corps received anything of value by which it could be unjustly enriched, no claim is stated. The unjust enrichment claim is meritless as alleged and is DISMISSED.

### E.    Breach of Contract (Claim V)

The complaint's fifth cause of action alleges breach of contract in that "Defendant IndyMac initially agreed to modify the loan and offer a fair interest rate and then refused to consider Plaintiff's application as agreed."

In California, "[a] cause of action for breach of contract requires proof of the following elements: (1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of

18

the breach."  *CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (2008).  Plaintiff alleges that he entered into a "home loan mortgage" with IndyMac, and, to the extent it can be understood, alleges that IndyMac breached the mortgage contract when it refused to modify the existing terms of his mortgage loan. These allegations, which purport to describe the contract underlying Plaintiff's breach of contract claim, do not allege any actions or conduct with respect to Trustee Corps, instead describing an alleged refusal to modify a written note and deed of trust on the part of IndyMac.  The complaint's inadequacy is best demonstrated by its failure to allege the most basic fact of a breach of contract claim: the existence of a contract.[13]

The complaint fails to allege a viable breach of a contract claim against Trustee Corps.  The motion is GRANTED WITH PREJUDICE.

**F.  *Compensatory and Punitive Damages (Claims VI-VII)***

The complaint's sixth and seventh causes of action for "compensatory damages" and "punitive damages" request appropriate relief because "Plaintiff lost money on the properties and overpaid interest to Defendant IndyMac" and "the conduct of ... Trustee

---

[13] Specifically, Plaintiff fails to allege a contract existed between himself and Defendant Trustee Corps.  In his opposition, Plaintiff's argues that Trustee Corps breached its contract with Plaintiff when it "substituted for IndyMac [...] such contractual obligations were expressly transferred to Defendant Trustee Corps." (Doc. 13, 4:18-4:20.)  This is factually incorrect.  Trustee Corps substituted in as trustee to conduct the foreclosure, nothing more. It did not "purchase" the loan or otherwise take ownership of the mortgage loan or its payments.  Trustee Corps was not a party to the loan agreement.  Without a contract between the parties, there is no breach.  *See, e.g., CDF Firefighters*, 158 Cal. App. 4th at 1239.

Corps was with malice intended to injure Plaintiff and with conscious disregard to Plaintiff's rights and with oppression subjecting Plaintiff to cruel and unjust hardship." (Compl. ¶¶ 27, 29.)

Trustee Corps correctly observes that these claims only seek a remedy, and do not state an underlying claim. They otherwise fail because Plaintiff's other claims are inadequate. The sixth and seventh claims are DISMISSED WITH PREJUDICE.

### G. *Punitive Damages*

The complaint, in its seventh claim and its concluding prayer for relief, seeks "punitive damages in the sum of $500 million." Trustee Corps moves to strike the punitive damages claims in the absence of viable claim to support a punitive damage award.

Rule 12(f) empowers a court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Motions to strike may be granted if "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *LeDuc v. Kentucky Central Life Ins. Co.*, 814 F.Supp. 820, 830 (N.D. Cal. 1992); *Colaprico v. Sun Microsystems, Inc.*, 758 F.Supp. 1335, 1339 (N.D. Cal. 1991). "[T]he function of a [F.R.Civ.P.] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). "[A] motion to strike may be used to strike any part of the prayer for relief when the damages sought are not recoverable as a matter of law." *Bureerong v. Uvawas*, 922 F.Supp. 1450, 1479, n. 34 (C.D. Cal.

1996).

Absent viable claims, Plaintiff cannot state a claim for punitive damages.  The motion to strike the punitive damages claim is GRANTED.


**H.    *Attempt At Amendment***

Plaintiff's claims are insufficiently pled and barred as a matter of law.  Plaintiff is unable to cure his claims by allegation of other facts and in view of futility is not granted leave to amend.  Defendant Trustee Corps' motion is GRANTED WITH PREJUDICE.

**V. CONCLUSION.**

For the reasons stated:

(1) All claims against Trustee Corps are DISMISSED WITH PREJUDICE; and

(2) Defendant's motion to strike the punitive damages claim is GRANTED.


Defendant Trustee Corps shall submit a form of order consistent with, and within five (5) days following electronic service of, this memorandum decision.


IT IS SO ORDERED.

Dated:    January 27, 2010                  /s/ Oliver W. Wanger
                                            UNITED STATES DISTRICT JUDGE